**Frank C. MITCHELL**

v.

**TRAWLER RACER, INC.**

Civ. A. No. 57–752.

United States District Court
D. Massachusetts.

Oct. 31, 1958.

Morris D. Katz, Boston, Mass., for plaintiff.

James A. Whipple, Boston, Mass., for defendant.

WYZANSKI, District Judge.

In this case I made a statement in my charge to the jury which I believe ought to be supported by a brief memorandum.

In effect I said that the plaintiff could not recover unless the slime had been on the rail long enough for the shipowner to be chargeable with knowledge of it. No one would doubt that this was a correct charge with respect to the negligence count, but it might be argued that the charge was inappropriate with respect to the unseaworthiness count. If

such an argument should be made, there are two independent answers.

 First, there should have been a directed verdict for the defendant on the unseaworthiness count. If there were slime on the rail, it was put there by an associate and joint venturer of the plaintiff and not by a stranger or by anyone acting for the defendant. If Sailor A and his wife go on board, and each of them has a right to be there, but they are engaging in a frolic of their own, not intended for the profit or advantage of the shipowner, say, for example, that they are munching taffy, and the wife drops the taffy on the deck, and the sailor slips on it, the sailor, if he is injured, is not entitled to collect damages from the shipowner. In short, absolute as is the liability for unseaworthiness, it does not subject the shipowner to liability from articles deposited on the ship by a co-adventurer of the plaintiff.

 Second, even if it were true that in some cases a shipowner may be liable on the theory of unseaworthiness for injuries attributed to articles deposited on the ship by one who at the time of the deposit was acting as an associate and joint adventurer of the plaintiff, such possibility of liability does not arise *instanter* following the deposit. A reasonable period of time must elapse to allow the defendant shipowner to discover the deposit. Cases which appear to sustain a shipowner's liability for accidents due to foreign substances deposited upon the deck without the shipowner's knowledge or even his opportunity to know are in every instance, so far as this Court is aware, cases where the deposit was made either by a stranger or by a person who at the time he made the deposit was acting either by virtue of agency or independent contract on behalf of the shipowner. Such authorities are irrelevant where the deposit was made by a person who (regardless of his formal employment payments) was at the time of the deposit the agent for and only for the plaintiff.